UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAR WASITO,<br><br>                    Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC; GSAA 5-11; GOLDMAN SACHS MORTGAGE COMPANY; JPM CHASE BANK,<br><br>                    Defendants. | Case No.:  3:17-cv-01279-BEN<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE MOTIONS FOR A TEMPORARY RESTRAINING ORDER (ECF Nos. 8, 10, 12);**<br><br>**(2) DENYING EX PARTE MOTIONS FOR LIS PENDENS (ECF Nos. 16, 18)** |

On June 28, 2017, Plaintiff Janar Wasito, proceeding pro se, filed an ex parte motion for a temporary restraining order to postpone the foreclosure sale on his residence. Defendants Specialized Loan Servicing, LLC ("SLS") and U.S. Bank National Association ("U.S. Bank") (erroneously sued as GSAA 5-11) oppose the motion. Defendants Goldman Sachs Mortgage Company ("Goldman Sachs") and JPM Chase Bank ("Chase") have not responded. For the reasons discussed below, Plaintiff's request for a temporary restraining order is **GRANTED IN PART** and **DENIED IN PART.**

/ / /

On June 29, 2017, Plaintiff filed an ex parte motion for lis pendens. This motion is **DENIED.**

## BACKGROUND

### I. Plaintiff's Loan and the Foreclosure Proceedings

In 2005, Plaintiff obtained a mortgage loan reflected in a promissory note. (Am. Compl. ¶ 28). The note was secured by a deed of trust encumbering the real property at 1703 La Playa Avenue #C, San Diego, CA 92109. (*Id.*; Request for Judicial Notice ("RJN") Ex. 1).[1] The beneficial interest in the deed of trust was later assigned to U.S. Bank. (RJN Ex. 2). On August 11, 2016, a Notice of Default and Election to Sell was recorded against the property. (RJN Ex. 3). And on May 24, 2017, a Notice of Trustee's Sale was recorded against the property. (RJN Ex. 4). The sale date has been postponed several times. Defendants represent that the current sale date is July 7, 2017.

### II. The Lawsuit

Plaintiff filed an amended complaint against SLS, GSAA 5-11, Goldman Sachs, and Chase in San Diego County Superior Court on June 7, 2017. U.S. Bank, as Trustee,

---

[1] Defendants ask this Court to take judicial notice of the following documents: (1) the Deed of Trust, recorded in the Official Records of San Diego County on June 6, 2005 as Document Number 2005-0470678; (2) Corporate Assignment of Deed of Trust, recorded in the Official Records of San Diego County on December 9, 2014 as Document Number 2014-0541733; (3) Notice of Default and Election to Sell Under Deed of Trust, recorded in the Official Records of San Diego County on August 11, 2016 as Document Number 2016-0411643; (4) Notice of Trustee's Sale, recorded in the Official Records of San Diego County on May 24, 2017 as Document Number 2017-0234276; (5) Qualified Written Request to Wells Fargo Bank, N.A., dated November 7, 2016; (6) Qualified Written Request to Specialized Loan Servicing, LLC, dated April 3, 2017; (7) Specialized Loan Servicing, LLC's website page regarding designated address for notices of error and requests for information. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of these documents as they are matters of public record and/or they are referenced or relied upon in the complaint. *See, e.g.*, *In re American Apparel, Inc. Shareholder Litig.*, 855 F. Supp. 2d 1043, 1061 (C.D. Cal. 2012); *Valasquez v. Mortg. Elec. Registration Sys., Inc.*, No. C 08-3818 PJH, 2008 WL 4938162, *2-3 (N.D. Cal. Nov. 17, 2008) (taking judicial notice of documents in county public record).

is the Successor in Interest to Wachovia Bank, National Association, as Trustee for GSAA Home Equity Trust 2005-11. The complaint contends that Plaintiff recently discovered a notice of foreclosure for his primary residence at 1703 La Playa Avenue #C, San Diego, CA 92109. He complains that he had no prior notice of a pending foreclosure sale and that Defendants have not responded to his requests for information. He also states that Defendants have not properly reviewed his requests for a loan modification or evaluated all loss mitigation options available to Plaintiff. Plaintiff brings claims for: (1) violations of Regulation X, 12 C.F.R. § 1024.1, *et seq.*, under the Real Estate Settlement Procedures Act ("RESPA"); (2) violations of Regulation Z, 12 C.F.R. § 1026.1, *et seq.*, under the Truth in Lending Act ("TILA"); (3) negligence; (4) violations of California Business and Professions Code § 17200; (4) quiet title; (5) cancellation of instruments; (6) violations of the Americans with Disabilities Act ("ADA"); and (7) declaratory relief.

      Defendants SLS and U.S. Bank removed this action to federal court on June 22, 2017 based on federal question jurisdiction. Goldman Sachs and Chase did not join in the notice of removal because, according to SLS and U.S. Bank, they have not been properly joined or served. *See* 28 U.S.C. § 1446(b)(2) (explaining that only defendants properly joined or served must join in the removal). On June 28, 2017, Plaintiff filed an ex parte motion for a temporary restraining order to postpone the foreclosure sale on his home. (*See* ECF Nos. 8, 10, 12).[2] Defendants SLS and U.S. Bank filed an opposition the next day. Plaintiff also filed an "ex parte motion for lis pendens." (ECF Nos. 16, 18).[3]

///
///
///

---

[2] Plaintiff filed this ex parte motion three times. The Court has reviewed and considered all versions of his motion.

[3] Plaintiff filed this ex parte motion twice. The Court has reviewed and considered both versions of his motion.

# EX PARTE REQUEST FOR A TEMPORARY RESTRAINING ORDER

## I. Legal Standard

A temporary restraining order ("TRO") is extraordinary relief, the underlying purpose of which is to preserve the status quo before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). For a TRO to issue, the movant must show either (1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party. *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1099 (S.D. Cal. 2012) (citing *Immigrant Assistance Project of Los Angeles Cnty. Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Dep't of Parks & Recreation of Cal. v. Bazaar del Mundo Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006). If the movant shows no chance of success, injunctive relief should not issue. *Id.* at 1124.

Where the movant has not provided written or oral notice to the adverse party or its attorney, he or she must present specific facts in an affidavit or verified complaint clearly showing that immediate and irreparable injury will result before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b). Further, the movant's attorney must certify in writing any efforts made to give notice and the reasons why it should not be required. *Id.* Only if the movant satisfies these two conditions may the Court issue a TRO without notice. *Id.*

## II. Discussion

### A. A TRO is Denied as to Defendants Goldman Sachs and Chase

Plaintiff has not provided notice of his request for a TRO to Defendants Goldman Sachs and Chase. Indeed, it is unclear whether Plaintiff has served Goldman Sachs and Chase with his complaint. Absent notice, Plaintiff must comply with the requirements of

Federal Rule 65(b) for this Court to issue a TRO. He has not satisfied those requirements. Plaintiff has not certified in writing any efforts made to put these Defendants on notice of his ex parte motion, nor has he offered any reason why notice should not be required. For this reason, the Court declines to issue a TRO to restrain Goldman Sachs and Chase.[4]

### B. A TRO is Granted as to Defendants SLS and U.S. Bank

Defendants SLS and U.S. Bank received notice of Plaintiff's request for a TRO and responded. The Court thus considers whether Plaintiff has demonstrated serious questions or a likelihood of success on the merits and irreparable harm. To begin, the Court acknowledges that losing one's home through foreclosure has been recognized as an irreparable injury. *See Jones*, 844 F. Supp. 2d at 1101; *Terrazas v. Wells Fargo Bank, N.A.*, No. 13-cv-0133-BEN, 2013 WL 419284, at *3 (S.D. Cal. Feb. 1, 2013). However, such an injury is not enough to secure a TRO absent a demonstration of possible success on the merits. *See Jones*, 844 F. Supp. 2d at 1100-01; *Terrazas*, 2013 WL 419284, at *3.

At this preliminary stage, Plaintiff has raised serious questions going to the merits of whether the Notice of Default and Notice of Trustee's Sale should be cancelled.[5] He seeks to cancel the Notice of Default and the "instrument to execute a foreclosure sale." (Am. Compl. ¶¶ 51-52). California Civil Code section 3412 provides that a "written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. "To plead a cause of action for cancellation of instrument, plaintiff must show

---

[4] Plaintiff's amended complaint is also wholly deficient about Goldman Sachs's and Chase's role in the alleged misconduct. The amended complaint lacks any facts about Goldman Sachs and Chase.

[5] The Court does not address all of Plaintiff's claims. The Court takes no position whether Plaintiff is likely to succeed on the merits or has raised serious questions going to the merits of the claims not discussed in this Order.

that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." *Watson v. Bank of Am., N.A.*, No. 16-cv-513-GPC (MDD), 2016 WL 3552061, *19 (S.D. Cal. June 30, 2016) (internal citations omitted). It is undisputed that the loss of Plaintiff's home would injure him. Therefore, Plaintiff must provide facts "showing the apparent invalidity of the instrument designated, and point out the reason for asserting that it is actually invalid." *Id.* (citing *Ephraim v. Metro. Trust. Co. of Cal.*, 28 Cal. 2d 824, 833 (1946)).

California has a comprehensive statutory scheme for nonjudicial foreclosure. It requires that before a foreclosure sale can occur, the trustee, mortgagee, beneficiary, or any of their authorized agents must record a notice of default. Cal. Civ. Code § 2924(a). And, before recording a notice of default, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent must follow certain procedures. *See* §§ 2923.5, 2923.55. One of those requirements is that a mortgage servicer must contact the borrower in person or by telephone to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. §§ 2923.5, 2923.55. The recorded notice of default must include a "declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required because the individual did not meet the definition of 'borrower.'" § 2923.55. Once the notice of default is filed, three months must elapse until the mortgagee, trustee, or other authorized person can record a notice of sale. § 2924(a). The mortgagee, trustee, or authorized agent shall "provide" to the mortgagor or trustor a copy of the recorded notice of default . . . and a copy of the recorded notice of sale" with an attached separate summary document of each. § 2923.3(a). "Failure to provide these summaries to the mortgagor or trustor shall have the same effect as if the notice of default or notice of sale were incomplete or not provided." § 2923.3(e).

Here, Plaintiff has alleged two failures with Defendants' compliance with the statutory scheme. First, Plaintiff contends that he did not receive the Notice of Default or Notice of Trustee's Sale. Rather, he alleges that he received notice of the imminent

6

3:17-cv-01279-BEN

foreclosure sale of his home via a letter entitled "Urgent Notice of Foreclosure." (*Id.* ¶ 1). The letter was actually an advertisement from a company called The Mortgage Fighter. (*See* ECF No. 1, Ex. D). Defendants offer no evidence to demonstrate that they provided the Notice of Default, Notice of Trustee's Sale, or required summary document to Plaintiff in the manner required by statute.

Second, Plaintiff pleads that he was not contacted prior to the recording of the Notice of Default. The Notice of Default was recorded on August 11, 2016. It included a checkbox stating that the "mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b)(2) to 'assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.'" (RJN Ex. 3). However, Plaintiff alleges that "[a]t no time prior to May 30, 2017, did [he] . . . receive any email, phone call, or other notice that SLS was attempting a lien or a foreclosure sale." (Am. Compl. ¶ 4). Rather, at that time, Plaintiff believed he was still negotiating in good faith with SLS for a modification of his mortgage. (*Id.*) Defendants attach letters denying Plaintiff loan modifications; however, those letters are dated March and April 2017, months after the Notice of Default was filed. Other than the checkbox on the recorded Notice of Default, Defendants do not offer any other evidence that the mortgage servicer contacted Plaintiff in person or by telephone before the Notice of Default was recorded. Given Plaintiff's averment that he was not contacted, there is a disputed issue that this Court cannot resolve on the basis of the current briefing. *See Tavares v. Nationstar Mortg. LLC*, No. 14-cv-216-WGH, 2014 WL 3502851, at *7 (S.D. Cal. July 14, 2014) (finding that plaintiffs sufficiently pled a violation of Cal. Civ. Code § 2923.5 where complaint alleged that defendants did not contact them in person or by telephone at any time prior to the notice of default's recordation); *Haffeman v. Wells Fargo Bank, N.A.*, No. 12-cv-00046 BTM, 2012 WL 827034, at *4 (S.D. Cal. Mar. 9, 2012) ("Plaintiffs have established that the Notice of Default was not recorded in a manner consistent with the requirements in the Deed of Trust, and have raised at least serious questions going to the merits of their allegations of a breach."); 27 Cal. Jur. 3d Deeds of Trust § 322 ("The requirements for

foreclosing by a trustee's sale pursuant to the deed of trust must be strictly complied with, and the trustee's sale based on a deficient notice of default is invalid.").

Finally, and importantly, Plaintiff has offered to tender the amount of indebtedness. (Am. Compl. ¶ 12). "As a general rule, the debtor in a nonjudicial foreclosure may avoid the loss of the property by 'paying all amounts due at any time prior to the sale.'" *Multani v. Witkin & Neal*, 215 Cal. App. 4th 1428, 1444-45 (2013) (internal citations omitted). "In order to seek to set aside a trustee's sale based on irregularities in the sale notice or procedure, the borrower must offer to pay the full amount of the debt." *Watson*, 2016 WL 3552061, at *23 (internal citations omitted). SLS and U.S. Bank ignore that Plaintiff has offered to tender the amount owed. The Court has reservations that Plaintiff can actually pay the indebtedness, but in light of his offer, it would be unjust to permit the foreclosure sale to proceed. Any slight delay in causing the sale of the property is greatly outweighed by Plaintiff's potential loss of home when he contends he can pay the indebtedness.

Accordingly, Plaintiff's ex parte motion for a TRO against SLS and U.S. Bank is **GRANTED. IT IS HEREBY ORDERED that Defendants SLS and U.S. Bank and their agents are enjoined from proceeding with the foreclosure sale of Plaintiff's property at 1703 La Playa Avenue #C, San Diego, CA 92109.**

This matter is set for a preliminary injunction hearing on July 13, 2017 at 2:00 pm. Any opposition to the motion is to be filed no later than July 10, 2017. Any reply is to be filed no later than July 12, 2017.

At the hearing, Plaintiff should be prepared to set forth facts supporting his claims. He must also come forward with evidence to support his claim that he can tender the debt owed. Defendants must present evidence that they complied with the statutory requirements for nonjudicial foreclosure and/or present arguments to excuse compliance. They should also be prepared to discuss whether Plaintiff can succeed on the merits of his claims.

///

# EX PARTE MOTION FOR LIS PENDENS

California Code of Civil Procedure section 405.20 states that a "party to any action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Civ. Proc. § 405.20. The next section states that "a judge of the court in which an action that includes a real property claim is pending may, upon request of a party thereto, approve a notice of pendency of action." § 405.21. Although the Code of Civil Procedure permits Plaintiff to file a notice of lis pendens under section 405.20, he asks this Court to execute a notice of lis pendens pursuant to section 405.21.

The Court denies Plaintiff's request. Federal courts do not follow state procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Felder v. Casey*, 487 U.S. 131, 151 (1988); *Oliver v. Hot Topic, Inc.*, No. 10-cv-1111-BEN, 2010 WL 4261473, at *1 (S.D. Cal. July 27, 2010) (denying defendant's request for an order staying the case pursuant to California Code of Civil Procedure rule).

## CONCLUSION

Plaintiff's request for a TRO is denied in part and granted in part. Plaintiff's request for the Court to execute a notice of lis pendens is denied.

**IT IS SO ORDERED.**

Dated: July 5, 2017

Hon. Roger T. Benitez
United States District Judge